IN THE SUPREME COURT OF THE STATE OF DELAWARE

RAYMOND C. ANDERSON,[1] § 
§ No. 55, 2014
Respondent-Below, §
Appellant, §
§ Court Below: Family Court
v. § of the State of Delaware,
§ in and for Kent County
ANGELA R. ANDERSON, § File No. CK03-07039
§ Pet. No. 13-22355
Petitioner-Below §
Appellee. §

Submitted: June 6, 2014
Decided: August 21, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

## **O R D E R**

This 21st day of August 2014, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Raymond Anderson ("the Father"), filed this appeal from the Family Court's order granting the parties joint legal custody of their minor son with primary residential placement with the appellee, Angela Anderson ("the Mother"). On appeal, the Father asserts that the Family Court erred in not allowing him to participate in the custody hearing by telephone. He also challenges the Mother's credibility and asserts that it is not in his son's best

---

[1] The Court previously assigned pseudonyms to the parties.

interests to live with the Mother.  We find no basis on the record before us to overturn the Family Court's judgment.  Accordingly, we affirm.

(2)     The record reflects that the Mother filed a petition for modification of custody in July 2013.[2]  At the time, the parties' son was ten years old and was living with the Father in Louisiana under a default custody order entered in 2009. The Mother asserted in her petition that the Father was not attentive to their son's emotional and medical needs and that, because of the Father's work schedule, their son was spending more time with the Father's mother.  The Father did not file a response to the Mother's petition.  On January 17, 2014, the Family Court held a hearing on the Mother's petition.  The Mother appeared at the hearing.  The Father did not.  At the conclusion of the hearing, the Family Court held, based on the Mother's uncontroverted testimony, that it was in the child's best interests for the parties to share joint custody with the Mother having primary residential placement.  This appeal followed.

(3)     In his opening brief, the Father contends, among other things, that he wrote to the Family Court before the scheduled custody hearing to request if he could participate by telephone.  He attaches a copy of an undated letter he allegedly sent to the Family Court expressing a desire to attend the hearing by teleconference because he lived in Tennessee and could not afford to take time off

_____

[2] Mother also requested an emergency *ex parte* order for custody, which the Family Court denied.

2

from work and travel to Delaware. The Father asserts that he called Family Court several times to find out if his request was received and whether it had been granted. He contends that Family Court personnel informed him that the court would contact him. The Father also asserts in his opening brief that the Mother is not credible, that it is not in his son's best interests to live with the Mother, and that his son was doing well in school in Tennessee.

(4) We are not in a position, however, to make a factual determination about whether the Father's non-participation at the hearing was the result, as he alleges, of an error by the Family Court staff or the Father's own lack of diligence. Nor can we make factual determinations as to the Mother's credibility or the best interests of the child. The factual issues raised in the Father's opening brief were not presented to the Family Court in the first instance and, therefore, are not properly a part of the record that can be considered by this Court on appeal.[3] Rather, these issues must be presented to and determined by the Family Court in the first instance through a motion to reopen the judgment by the Father under Rule 60(b), which must be properly supported by facts justifying relief from the default judgment (e.g., by attaching a sworn affidavit of his version of events).[4]

---

[3] *See* Del. Supr. Ct. R. 9; *Delaware Elec. Co-op., Inc. v. Duphily*, 703 A.2d 1202, 1207 (Del. 1997) (holding that materials not offered into evidence and considered by the trial court are not part of the record on appeal).

[4] *See* Fam. Ct. Civ. R. 60(b) (2013).

(5)     In so ruling, we recognize that the circumstances of this case are unusual because the life of the parties' son, who was living with the Father in Tennessee, has been fundamentally altered on the basis of a default judgment entered following a hearing at which only the Mother's side of the story was considered and there was no independent representation of the child's interests.  If the reasons for the Father's failure to appear at the hearing are as the Father alleges, then a default judgment was inappropriate because the determination of the best interests of the child should have been made after a hearing at which the Father could be present by teleconference to present his side of the story.  On the limited record properly before us, however, the hearing below was properly noticed and the Father did not appear.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice